# EXHIBIT A

#39303250_v1

https://researchga.tylerhost.net/CourtRecordsSearch/ViewCasePrint/d94cbb11bf574cb2ab7b794414320d75

## Case Information

### CHOWDHURY VS SELECT PORTFOLIO SERVICING INC
25-A-08061-11

**Location**
Gwinnett - Superior Court

**Case Category**
Civil

**Case Type**
Other General Civil*

**Case Filed Date**
8/27/2025

**Judge**
Angela Duncan

**Case Status**
Pending

## Parties [3]

| Type | Name | Nickname/Alias | Attorneys |
|---|---|---|---|
| Plaintiff | CHOWDHURY, MOHD SAJJAD | | Pro Se |
| Plaintiff | MINTU, SHAKOOR | | Pro Se |
| Defendant | SELECT PORTFOLIO SERVICING INC | | Pro Se |

## Hearings [1]

| Date/Time | Hearing Type | Judge | Location | Result |
|---|---|---|---|---|
| 10/20/2025 09:00 AM | Motion Hearing | Beyers, Karen E | 3B | |

## Events [7]

| Date | Event | Index # | Type | Comments | Documents |
|---|---|---|---|---|---|
| 8/27/2025 | Filing | | General Civil/Dom Relations Case Filing Form | | Gwinnett Civil Domestic Filing Form.pdf.pdf |
| 8/27/2025 | Filing | | Summons | | TF3.pdf.pdf |
| 8/27/2025 | Filing | | Notice | Lis Pendens | TF4.pdf.pdf |
| 8/27/2025 | Filing | | General Civil/Dom Relations Case Filing Form | | Case Init.pdf.pdf |
| 8/27/2025 | Filing | | Motion | | Motion and Inj.pdf.pdf |
| 9/8/2025 | Filing | | Rule NiSi | HEARING NOTICE | 25-A-08061-11.pdf.pdf |
| 10/20/2025 | Hearing | | Motion Hearing | - | - |

© 2025 Tyler Technologies, Inc. | All Rights Reserved
Version: 2025.7.4.1459



Case 1:25-cv-05314-ELR   Document 1-1   Filed 09/17/25   Page 3 of 16

E-FILED IN OFFICE - NT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**25-A-08061-11**
**8/27/2025 2:31 PM**
TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☒ **Superior** or ☐ **State Court of** Gwinnett Superior Court **County**

**For Clerk Use Only**

**Date Filed** _____
MM-DD-YYYY

**Case Number** 25-A-08061-11

| **Plaintiff(s)** | **Defendant(s)** |
|---|---|
| Mohd Chowdhury | Select Portfolio Servicing |
| Last  First  Middle I.  Suffix  Prefix | Last  First  Middle I.  Suffix  Prefix |
| Shakoor Mintu | |
| Last  First  Middle I.  Suffix  Prefix | Last  First  Middle I.  Suffix  Prefix |

**Plaintiff's Attorney** _____ **State Bar Number** _____ **Self-Represented** ☒

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
Case Number              Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Case 1:25-cv-05314-ELR   Document 1-1   Filed 09/17/25   Page 4 of 16

E-FILED IN OFFICE - NT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**25-A-08061-11**

8/27/2025 2:31 PM

TIANA P. GARNER, CLERK

# IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

mohd chowdhury
Shakoor Mintu
**Plaintiff**

Civil Action No. 25A080611

v.

Select Portfolio Servicing
**Defendant**

## SUMMONS

TO THE ABOVE NAMED DEFENDANT:

You are hereby required to file with the Clerk of said Court and serve upon the plaintiff or plaintiff's attorney, whose name, address and email address are:

mohd chowdhury &Shakoor Mintu

821 Wisteria View Court Dacula Ga 30019

an answer to the complaint which is hereby served on you. You must make your answer within 30 days after service of this summons upon you. This time excludes the day of service. If you fail to answer, the court will issue a default judgment against you for the relief sought in the complaint.

If this action pertains to a Protective Order, the answer is to be filed and served on or before the scheduled hearing date attached.

This _____ day of 28th day of August, 2025 _____, 20___.

Tiana P. Garner
Clerk of Superior Court

By _Nadia Irigoso_____
Deputy Clerk

[Attach addendum sheet for additional parties, if needed. You must make a notation on this sheet if used.]

SC-1
Rev'd 1/25

E-FILED IN OFFICE - NT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
25-A-08061-11
8/27/2025 2:31 PM
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MOHD SAJJAD CHOWDHURY
SHAKOOR MINTU

Plaintiff,                                              SUPERIOR COURT


                                                        CASE NO. 25-A-08061-11 _____
VS.

SELECT PORTFOLIO SERVICING, INC


Defendant,


NOTICE OF LIS PENDENS

TO ALL PERSONS be it known of the pending litigation in the Superior Court of Gwinnett County State of Georgia with Case #_____


NOTICE OF FEDERAL STAY AND ADVERSE CLAIM

This Lis Pendens shall serve notice of pending adverse claim serving as a legal impediment and stay against any bona fide purchasers at foreclosure sale pursuant to 12 USC 3752 (1) cited herein as Section 3752. Definitions

   For purposes of this chapter, the following definitions shall apply:

(1) Bona Fide Purchaser

   The term "Bona Fide Purchaser" means a purchaser for value in good faith and without notice of any adverse claim, and who acquires the security property free of any adverse claim.

## LEGAL DISCRIPTION

Deed with legal Description attached hereto as Exhibit A. Also Known as 821 Wisteria View Ct., Dacula, GA. 30019

The following described lot, piece or parcel of land, situate, lying and being the county of Fulton, State of Georgia, to wit: ALL THAT TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN LAND LOT 267 OF THE 5TH DISTRICT OF GWINNETT COUNTY GEORGIA, BEING LOT 25, BLOCK A, WOLF CREEK, UNIT 5, AS PER PLAT RECORDED IN PLAT BOOK 110, PAGE 181-182, GWINNETT COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.

_____
Mohd Sajjad Chowdhury
(Pro Se)


_____
Shakoor Mintu
(Pro Se)

E-FILED IN OFFICE - NT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**25-A-08061-11**
8/27/2025 2:31 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of __Gwinnett__ County

**For Clerk Use Only**

Date Filed _____          Case Number  25-A-08061-11
            MM-DD-YYYY

| Plaintiff(s) | | | | | Defendant(s) | | | | |
|---|---|---|---|---|---|---|---|---|---|
| chowdhury | Mohd | | | | Select Portfolio Servicing INC | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |
| MINTU | SHAKOOR | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Last | First | Middle I. | Suffix | Prefix |

Plaintiff's Attorney _____   State Bar Number _____   Self-Represented ☑

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☑ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____   _____
Case Number              Case Number

☑ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

E-FILED IN OFFICE - NT
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA
**25-A-08061-11**
**8/27/2025 2:31 PM**
TIANA P. GARNER, CLERK

IN THE SUPERIOR COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MOHD SAJJAD CHOWDHURY
SHAKOOR MINTU
821 WISTERIA VIEW COURT
DACULA, GA. 30019

Plaintiff,

SUPERIOR COURT

CASE NO. 25-A-08061-11

VS.

SELECT PORTFOLIO SERVICING, INC
3217 S. DECKER LAKE DR.
SALT LAKE CITY, UTAH 84119

Defendant,

PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER
AND PRELIMINARY INJUNCTION TO HALT FORECLOSURE
THAT'S SCHEDULED FOR SEPTEMBER 2, 2025

COMES NOW, Mohd Sajjad Chowdhury and Shakoor Mintu, and respectfully moves this court pursuant to O.C.G.A. 9-11-65 for a Temporary Restraining Order and Preliminary Injunction against the Defendant Select Portfolio Servicing, Inc. and in support shows the court as follows:

1. Plaintiff's Mohd Sajjad Chowdhury and Shakoor Mintu are the owners of the real property located at 821 Wisteria View Court, Dacula, GA. 30019 which is located in Gwinnett County with the legal description of:

   ALL THAT TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN LAND LOT 267 OF THE 5TH DISTRICT OF GWINNETT COUNTY, GEORGIA, BEING LOT 25, BLOCK A, WOLF CREEK, UNIT 5, AS PER PLAT RECORDED IN PLAT BOOK 110, PAGE 181-182, GWINNETT COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HEREOF BY REFERENCE.

1. Mohd Sajjad Chowdhury and Shakoor Mintu at all times relevant has resided at 821 Wisteria View Ct Dacula Ga 30019.

2. Defendant Select Portfolio Servicing, Inc. whose address is P.O. Box 65250 Salt Lake City UT 84165.

3. Defendant Select Portfolio Servicing, Inc. Who is a register agent in the State Of Georgia with the address of 2Sun Court, Suite 400, Peachtree Corners, GA. 30092 Gwinnett County.

## JURISDICTION

Plaintiff Mohd Chowdhury and Shakoor Mintu, brings this Complaint under the Jurisdiction of this court because this matter involves an improper foreclosure violation that is scheduled to take place on September 2nd, 2025. The violation further involves unenforceable equity security interest against the Foreclosure laws governed by the State of Georgia seeking Injunctive Relief Protection which is the proper Jurisdiction suited in this court.

Georgia Code O.C.G.A. 44-14-162 (b) et. Seq. And O.C.G.A. 9-11-65.
National Mortgage Settlement "Dual Tracking" Restrictions. A valid "Mortgage" requires a (Wet Signature) note and a security instrument; these must be kept together Se (Bankr. N.D. Ga. 194) (Foreclosure was null and void where the entity foreclosing did not have an actual assignment of the note and security deed) aff'd, 112 F. 3d 1172 (11th Cir. 1997). O.C.G.A. 44-2-43 (20210) Fraud, Forgery, and theft in Connection with registration of title to land;penalty.

Referred to hereinafter as "Select Portfolio Management" Plaintiff is unsure who is the entity is holder of the note.

4. Select Portfolio Management will be served with a Complaint, through the Attorneys pursuing foreclosure proceedings: McCalla Raymer Leibert Pierce LLP.

## BRIEF BACKGROUND

5. Plaintiff executed a security deed for the property located at 821 Wisteria View Ct Dacula Ga 30019, in favor of Select Portfolio Management.

6. Said Deed was duly recorded as: ALL THAT TRACT OR PARCEL OF LAND SITUATE, LYING AND BEING IN LAND LOT 267, 5TH DISTRICT OF, GWINNETT COUNTY GEORGIA BEING KNOWN AS LOT 25 BLOCK A, WOLF CREEK, UNIT 5, AS PER PLAT RECORDED AT PLAT BOOK 110, PAGE 181 AND 182, GWINNETT COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN AND MADE A PART HERE OF BY REFERENCE.

7. Plaintiff has been denied actual knowledge in violation of state, federal statues, and FDCPA and RESPA, of the holder of the note at present, and failure to disclose to Plaintiff whether or not Select Portfolio Management has transferred the note to a different division within their department.

8. The Defendant knowingly, willingly, and wantonly acted in bad faith, and with blatant disregard of Plaintiff's property Rights, Federal Law and Georgia Statutes in an attempt to perpetrate a fraud and wrongfully foreclose upon subject real property.

9. Defendants have executed a Notice Of Default and Notice Of Sale under Power, without providing Plaintiff proper Notice as required by Georgia Law.

10. To the best of Plaintiff's knowledge and belief, and from what he could learn from Dekalb County, the Security Deed recorded in the Superior Court of Gwinnett County with Deed Book 47208, Page 239 which is the most current Deed of record for the subject residential properties.

11. Without notifying Plaintiff the required thirty (30) days prior to, the Defendant began pursuing foreclosure of Plaintiff's property.

12. Defendants' attempt to foreclose upon the subject property violates OCGA 44-14-162(b).

13. Notice requirements of O.C.G.A. 44-14-162 were changed from 15 days to 30 days When former Governor Perdue signed into law Senate Bill 531, a copy of information concerning SB531 is attached hereto as Exhibit A.

14. The date of sale is set for September 2nd, 2025; without intervention from this Court, Plaintiff's property will be illegally sold that day.

15. Defendants' actions violate Plaintiff's Rights to make request under the Fair Debt Collection Practices Act.

16. These Defendants Knowingly, willingly, wantonly, fraudulently and illegally continued to pursue the Sale under Power in direct violation of the Fair Debt Collection Practices Act, 809(b):

**THE FAIR DEBT COLLECTION PRACTICES ACT, 809(b)**

(b) "If the Consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector."

17. These Defendants have knowingly, willingly, fraudulently and illegally continued to pursue the Sale Under Power in direct violation of the Real Estate Settlement Procedures Act.

18. Although requests for information have been repeatedly made, Plaintiff has never been supplied with proper evidence that Select Portfolio Management is still in fact the legal holder of the mortgage. (Need to see a copy of the Assignment Transfer)

19. There has been no further mortgage, security deed, assignment, lien contract, transfer or conveyance recorded for the subject property to Plaintiff's knowledge.

20. Defendants' attempt to foreclose upon the subject residential property violates OCGA 44-14-162(b).

    **OCGA 44-14-162(B):**
    "The Security Instrument or Assignment thereof vesting the secured creditor with title to the Security Instrument shall be filed prior to the time of sale in the office of the clerk of the superior court of the county in which the real property is located."

21. To Plaintiff's knowledge and belief, there is no Note on the official Record to secure the above referenced Security Deed.

22. To date, Defendants have knowingly, willingly and wantonly failed to adhere to the mandates of Federal and State Law which would have properly alerted Plaintiff to request Select Portfolio Management to produce the promissory note.

23. Allowing the Sale Under Power to be completed would not only expose Plaintiff to potentially ruinous financial liability but would also be a direct violation of the Due Process Clause, and numerous Constitutional guarantees concerning property.

## MEMORANDUM OF LAW IN SUPPORT OF TRO and/or PRELIMINARY INJUNCTION

24. Plaintiff Mohd Sajjad Chowdhury and Shakoor Mintu, incorporate fully and by this specific reference the statements in paragraphs 1 through 25 of this Petition/Complaint as if stated fully herein.

    "A Complaint for interlocutory injunction or a TRO is an extraordinary Complaint, which is time sensitive, unlike other complaints, because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm." Focus Entertainment International, Inc., v. Partridge Greene, Inc. (253 Ga. App. 121) (558 SE2d 440) (2001).

25. The Focus Court went on to explain that foreclosure is one such instance which "Injunction is appropriate" because "when an interest in land is threatened with harm", "such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect

interest, i.e., money damages are not adequate compensation to protect the interest harmed. "See the following:

"(a) Land, Under Georgia law, is deemed sufficiently unique that it is entitled to equitable remedied to protect such interest in land. Rife v. Corbett, 264 Ga. 871 (455 SE2d 581) (1995) Injunction to protect an easement); Benton v. Patel, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987) (Injunction to stop foreclosure); Black v. American Vending Co., 239 Ga. 632, 634 (2) (238 SE2d 420) (1977) ('the law regards as sufficiently unique that equity will enforce a contract for [land] sale or lease"); Clark v. Cagle, 141 Ga. 703, 705-706 (1) (82 SE 21) (1914) (Specific performance of contract to sell land). Therefore, when an interest in land is threatened with harm, equitable injunctive relief is appropriate, because such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed. See generally Central Of Ga. R. Co. v. Americus Constr. Co., 133 Ga. 392 398 (65 SE 855) (1909) irreparable injury defined to enjoin a nuisance); see also Roth v. Connor, 235 Ga. App. 866, 868-869 (1) (510 SE2d 550) (1998) (Property interests of grantor and others in restrictive covenants for their benefit)."

26. Plaintiff has made a showing that without an Emergency Order granting a Temporary Restraining Order or Preliminary Injunction, Plaintiff will be irreparably harmed. Further, Plaintiff's Petition is Verified, Plaintiff will be showing the court, that had she been properly, legally Noticed before foreclosure actions began, he would have taken the proper steps to prevent such action. Plaintiff will be further showing the Court that she has been pursuing information on his Mortgage from Defendants for quite a while now.

27. Plaintiff has requested documents, loan modifications and other ways to become current on their mortgage.

28. Mohd Chowdhury and Shakoor Mintu have shown a practice or pattern of refusing to produce the necessary documents requested in violation of RESPA 2605(e).

29. In times such as now, with mortgage fraud at the highest level in history, there has to be some evidence verifying the loan presented to you when requested. Plaintiff been denied his Rights to notify "the debt collector in writing within the thirty day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector." O.C.G.A.: 9-11-65 allows the court to grant such orders without notice to opposition in certain circumstances.

**OCGA 9-11-65**
**(b) Temporary Restraining Order; when granted without notice; duration: hearing; application to dissolve or modify.**

> "A temporary restraining order may be granted without written or oral notice to the adverse party. (1) It clearly appears from specific facts shown by affidavit or by the verified motion that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party can be heard in opposition; and (2)....certifies to the court, in writing, the efforts, if any, which have been made to give the notice and the reasons supporting the party's claim that notice should not be required."

30. Further, because Defendants would be required to cease all foreclosure proceedings until such time as the debt was validated; and Plaintiff is ignorant of the true identity of the actual holder in due course with Select Portfolio Management Therefore, allowing the Sale Under Power to be completed would expose Plaintiff to potentially ruinous financial liability in the event that the actual holder in due course should one day make a claim upon the Note.

### IMPROPER FORECLOSURE, STAY FORECLOSURE SALE
### INJUNCTIVE RELIEF
### O.C.G.A. 44-2-43 (2010) Violation

31. Defendant Select Portfolio Management will attempt to foreclosed on the property commonly known as 821 Wisteria View Ct Dacula Ga 30019
32. Defendant Select Portfolio Management is not a holder in Due Course.

**U.C.C. 3-302. Holder In Due Course (a) Subject to subsection (c) and section 3-106 (d), "Holder In Due Course"**

**Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W. 3d 619, 624 (Mo. Ct. App. 2009).**

33. When Defendant received the Transferred Assignment Of Deed to Secure Debt, Deed in the Gwinnett County.

Georgia Foreclosure Laws require that foreclosure must be conducted by the current owner or holder of the Mortgage and Reflected in public records that must show their identity as a secured creditor included in advertisement along with being in court records. The Security instrument or assignment for the Secured Creditor holding Title must be filed prior to the time of the Foreclosure Sale in the County where the property is located.

34. Defendant who is Select Portfolio Management is acting as a debt collector and is an improper creditor and does not hold enforceable equity security interest to enforce the foreclosure that is scheduled for September 2nd, 2025.

Pursuant to Georgia Code O.C.G.A. 44-14-162. Et. Seq and O.C.G.A. 9-11-65.

## CONCLUSION AND PRAYER FOR RELIEF

Plaintiff incorporates fully and by this specific reference the statements in paragraphs 1 through 31 as if stated fully herein.

Plaintiff in this matter would have approached the Defendant in the proper manner as required by law in a good faith attempt to remedy what could result in the loss of Plaintiff's property through no fault of his own. The Defendant on the other hand, refused to adhere to the mandatory state and federal laws that would have allowed Plaintiff to obtain requested documented evidence of their claims, blatantly showing bad faith, and a healthy lack of respect for the laws of this state.

Plaintiff has shown that Defendants violated Plaintiff's right under the fair debt collection practices act thereby entitling Plaintiff to all appropriate relief provided for by statue. Plaintiff has shown that Defendants violated Plaintiff's rights under OCGA 44-14-162(b) thereby entitling Plaintiff to all appropriate relief provided for by statue.

Plaintiff has shown that Defendants violated Plaintiff's rights under RESPA. Plaintiff regrets the emergency nature of this petition and prays the Courts Grant the following relief:

(a) GRANT an Emergency Temporary Restraining Order and/or Preliminary

> Real Estate Settlement Procedures Act, Fair Debt Collection Practices Act, are both consumer protection statutes which when violated, give cause for judgment against opposing party.

Injunction to prevent the September 2nd 2025, foreclosure of Plaintiff's property.
(b) COMPEL Production of the Original Promissory Note(s)
(c) COMPEL proof of any assignments, lien or any other instrument that proves any claims by any alleged holders in due course.
(d) COMPEL validation of the alleged Debt.
(e) COMPEL verification of the loan number and the use of the correct loan number in any proceeding henceforth.
(f) GRANT Plaintiff all court costs and court related fees.
(g) GRANT Plaintiff any and all other and/or further relief allowed by law and/or which this Court deems just and proper.

Respectfully submitted this 26th day of August 2025

By: _____
Mohd Sajjad Chowdhury
(Pro Se)  404 663 8492
Sajjadchowdhury@gmail.com

_____
Shakoor Mintu
(Pro Se)

## VERIFICATION

I, Plaintiff Mohd Sajjad Chowdhury and Shakoor Mintu having been duly sworn, under penalty of perjury, deposes and says that I am over the age of eighteen (18) and mentally competent to testify in his matter, and from first-hand knowledge state: My person and my property are in danger of immediate and irreparable injury, and loss, or damage will result to the applicant before the adverse party or his attorney can be heard in opposition: and I hereby Certify, that the facts set forth regarding all matters stated in the above paragraphs are true and correct to be the best of my knowledge and belief, therefore since this is an Emergency Petition further notice should not be required. I have read the foregoing pleading, the facts stated therein are from firsthand knowledge and are true and correct to the best of my knowledge and belief.

This is the 26th day of August 2025.

_____
404 647-3210          Mohd Sajjad Chowdhury
Koreymadison@gmail.com       (Pro Se)
1561 Bordeaux Ln Conyers Ga 30094

_____
Shakoor Mintu
(Pro Se)

Subscribed and sworn to before me, this __26__ day of __August__,
20 __25__.

_____
Notary Public
My Commission Expires: 05/05/2029

Case 1:25-cv-05314-ELR   Document 1-1   Filed 09/17/25   Page 16 of 16

E-FILED IN OFFICE - BW
CLERK OF SUPERIOR COURT
GWINNETT COUNTY, GEORGIA

**25-A-08061-11**

9/8/2025 11:47 AM
TIANA P. GARNER, CLERK

## IN THE SUPERIOR COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| MOHD SAJJAD CHOWDHURY SHAKOOR MINTU, | * * Civil Action Case # 25-A-08061-11 |
| Petitioner, | * |
| v. | * |
| SELECT PORTFOLIO SERVICING, INC | * |
| Defendant(s). | * |

### RULE NISI

Date: September 15, 2025      Time: 9:00 AM      Courtroom: 204

**Plaintiff's Motion For Temporary Restraining Order and Preliminary Injunction To Halt Foreclosure**

The above motion having been filed in the above-styled action and the same having been read and considered, said motion is set for argument at the Gwinnett Justice and Administration Center (Nash building), 75 Langley Drive, Lawrenceville, Georgia at the date, time and courtroom stated above. Service must be perfected prior to hearing date, or this matter will be continued.

**SO ORDERED**, this 9 day of September 2025

_____
**ANGELA D. DUNCAN, Judge**
**Gwinnett Superior Court**

*If you need an interpreter for this matter, please let Laura Baird know at laura.baird@gwinnettcounty.com no later than one week before the above noticed hearing date.

**COURT REPORTER – NOT PRESENT UNLESS REQUESTED AT LEAST 24 HOURS IN ADVANCE:** Our CR will **NOT** be present UNLESS REQUESTED AT LEAST 24 HOURS IN ADVANCE. Should you wish to have the CR present you must immediately send an email to Clay Abney, Clay.Abney@gwinnettcounty.com  or call him at 770-822-8636, or an email request to laura.baird@gwinnettcounty.com.  The cost for CR take-down is approximately $43.31 per hour (or $21.50 per hour if cost is shared between the parties). Counsel/parties shall make immediate payment at the time take down is completed.

cc: Plaintiff to Serve Defendant